IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**JAMES MCALPHIN,**
**ADC #088328**                                                                 **PLAINTIFF**

V.                      CASE NO. 5:19-CV-189-KGB-BD

**ESTELLA BLAND and**
**CORRECT CARE SOLUTIONS**                                   **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.   Procedure for Filing Objections:**

This Recommended Disposition (Recommendation) has been sent to Judge Kristine G. Baker. Mr. McAlphin may file written objections to this Recommendation if he disagrees with its findings or conclusions. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. By not objecting, Mr. McAlphin may waive the right to appeal questions of fact.

**II.   Discussion:**

Every Richardson, an Arkansas Department of Correction (ADC) inmate, filed this civil rights lawsuit on behalf of himself, James McAlphin, and Kevin Shelton. (Docket entry #2) Pursuant to Court policy, the case was filed as three separate lawsuits.

Because of Mr. McAlphin's litigation history, he is not eligible for *in forma pauperis* status absent allegations of imminent danger of serious bodily injury.[1] He did not plead facts indicating imminent danger of physical injury; thus, the Court ordered him to pay the statutory filing fee within 30 days of June 5, 2019, if he wished to pursue his claims. (Docket entry #4)

Mr. McAlphin moved for the Court to reconsider its order denying him leave to proceed IFP based on litigation history. (#5) He explained that Defendant Bland had refused to provide him treatment in April of 2019, and that the failure to provide adequate medical care placed him in imminent danger of serious injury.

The Court denied Mr. McAlphin's motion for reconsideration (#5) and provided him an opportunity to file an amended complaint specifically explaining what medical treatment he was being denied and stating the injury resulting from Defendant Bland's conduct. (#6) Mr. McAlphin was given 14 days (until June 27) to file his amended complaint.

Mr. McAlphin has now filed another motion for reconsideration, explaining that he is attempting to exhaust his administrative remedies with regard to his complaints about Defendant Bland's conduct. (#7) He states that those grievances remain "pending."

Courts are obligated to dismiss any claims that were not fully exhausted prior to the date a complaint is filed. See 42 U.S.C. § 1997e(a) ("No action shall be brought with

---

[1] The following dismissals constitute "strikes" against Mr. McAlphin for purposes of determining eligibility for IFP status: *McAlphin v. Norris*, E.D. Ark. Case No. 5:97-CV-319; *McAlphin v. USA*, 4:97-CV-525; and *McAlphin v. ADC*, E.D. Ark. Case No. 5:17-CV-176.

respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory"). Thus, allowing Mr. McAlphin to amend his complaint to include claims that were not fully exhausted when this complaint was filed would be futile. Furthermore, and more to the point, there is no imminent-danger exception to the exhaustion requirement. *McAlphin v. Toney*, 375 F.3d 753, 754 (8th Cir. 2004).

**III.   Conclusion:**

The Court recommends that Mr. McAlphin's motion for reconsideration (#7) be DENIED, and that his claims be dismissed based on his failure to comply with the Court's June 5, 2019 Order requiring him to satisfy the filing fee requirement. In addition, Mr. McAlphin's motion to stay (#8) should be DENIED, as moot.

DATED, this 9th day of July, 2019.

_____
UNITED STATES MAGISTRATE JUDGE