## THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

**JAMES MCALPHIN, ADC #88328**                                                    **PLAINTIFF**

v.                                    Case No. 5:19-cv-00189-KGB

**ESTELLA BLAND, Advanced Nurse Practitioner, and**
**CORRECT CARE SOLUTIONS**                                                        **DEFENDANTS**

## ORDER

Before the Court is the Recommended Disposition submitted by United States Magistrate Judge Beth Deere (Dkt. No. 9). Mr. McAlphin has filed timely objections to Judge Deere's Recommended Disposition (Dkt. No. 10). Mr. McAlphin has also filed an amended complaint, which the Court construes as an additional objection to the Recommended Disposition (Dkt. No. 11). After careful consideration of the Recommended Disposition, Mr. McAlphin's objections, and a de novo review of the record, the Court finds no reason to alter or reject Judge Deere's recommendations.

The Court writes separately to address some of Mr. McAlphin's objections. Because Mr. McAlphin has "three strikes" under 28 U.S.C. § 1915(g), he is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). In her Recommended Disposition, Judge Deere found that Mr. McAlphin "did not plead facts indicating imminent danger of physical injury." (Dkt. No. 9, at 2). In response, Mr. McAlphin "objects to CCS not being acknowledged as a defendant, as issues concerns a [sic] ongoing deliberate indifference to medical needs that created a [sic] overall policy of neglect by contracted provider Correct Care Solutions." (Dkt No. 10, at 2). Mr. McAlphin further maintains that, "[l]ooking at lawsuit as a whole, this neglect places any prisoners with a serious medical

problem in immainient [sic] danger of serious physical harm. (Note, one of the plaintiffs is dead because of this neglect[.])" (*Id.*).

Mr. McAlphin's bare recital that he is in imminent danger of serious physical harm is insufficient to overcome the three-strikes bar. Liberally construing the pleadings, the Court finds that Mr. McAlphin has not sufficiently alleged that he was faced with imminent danger of serious physical injury at the time his complaint was filed. *See Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). In making this determination, the Court has considered the allegations in both the complaint and amended complaint.

Accordingly, the Court adopts the Recommended Disposition in its entirety as this Court's findings of fact and conclusions of law (Dk. No. 9). The Court denies Mr. McAlphin's second motion for reconsideration (Dkt. No. 7). The Court dismisses without prejudice Mr. McAlphin's claims. The Court denies as moot Mr. McAlphin's motion to stay and motion for status update (Dkt. Nos. 8, 13). Finally, the Court grants Mr. McAlphin's motion for copies (Dkt. No. 12). The Clerk is directed to mail to Mr. McAlphin a copy of the docket sheet for this case.

It is so ordered this the 22nd day of January, 2020.

Kristine G. Baker
United States District Judge